UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

THOMAS GILLAM-SHAFFER,

    Plaintiff,

v.

MICHIGAN PUBLIC HEALTH INSTITUTE, et al.,

    Defendants.
_____/

Case No. 1:25-cv-396

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R. & R.) addresses motions to dismiss filed by Defendants Michigan Public Health Institute and Yvette Chase (ECF No. 18), and Defendant State of Michigan (ECF No. 20). Plaintiff has not filed a response to either of these motions.

*Pro Se* Plaintiff Thomas Gillam-Shaffer filed an unsigned complaint on February 3, 2025. (ECF No. 1.) Plaintiff later submitted a signed amended complaint. Pursuant to this Court's Order of May 1, 2025 (ECF No. 13), ECF No. 12-1 became Plaintiff's First Amended Complaint. In his verified First Amended Complaint, Plaintiff asserts that Defendants violated Title VII of the Civil Rights Act of 1964 when the Defendants filed a complaint investigation alleging sexual harassment in Plaintiff's personnel file.

1

Plaintiff filed an action with the Equal Employment Opportunity Commission (EEOC) in this case. The EEOC issued a determination that the agency would not pursue further investigation into Plaintiff's claims. (ECF No. 14-1, PageID.42.) The EEOC specified that Plaintiff had ninety days to file a lawsuit. (*Id.*) Plaintiff filed his complaint outside of the ninety-day window. Accordingly, the undersigned respectfully recommends that the Court grant Defendants' motions to dismiss (ECF No. 19 & 21) for Plaintiff's lack of timeliness, or, alternatively, for Plaintiff's failure to state a claim for which relief may be granted. Additionally, the undersigned respectfully recommends that the Court deny Plaintiff's motion for an extension of time (ECF No. 29).

## II. Factual Allegations

Plaintiff is an Environmental Health Navigator with Michigan Public Health Institute (MPHI). (ECF No. 14, PageID.30.) He has held this position since April 2022. (*Id.*) Plaintiff asserts that he became a contracted State of Michigan employee through MPHI on April 17, 2025. (*Id.*) Plaintiff says he identifies as an African-American and a Christian. (*Id.*, PageID.28.)

Plaintiff alleges that on October 26, 2023, a memo from Director Yvette Chase titled "Complaint Investigation Findings – Inappropriate Comments" was placed into Plaintiff's personnel file. (*Id.*) Plaintiff asserts that the complaint stems from allegations made by Plaintiff's co-worker Ammar Alzuad. (*Id.*) He states that the memo is "a damaging litany of part fact and part misrepresentations and falsehoods."

(*Id.*, PageID.30.)   Plaintiff says that Alzuad falsely accused him of the following, as summarized in the EEOC charge file:

> "(Exhibit C, Complaint) One incident involved the Charging Party communicating undesirable with the employee in front of customers and third-party partners. After this, the Charging Party used his work phone to send a negative text message to another employee about the complaining employee, but mistakenly sent the text message to the employee that was the subject of the text message. In another incident occurred when the Charging Party allegedly made a statement to the employee, who is a Muslim of middle eastern descent, regarding if he had learned about electronics and wiring back home and the charging party asked if he should be "worried" or if the employee was going to blow some stuff up. The final statement that was allegedly made was in regards to the employee always going a mile a minute and needed to chill and smoke some weed, have drinks and F*** some b*****s to relax"

(ECF No. 14, PageID.31.)

Plaintiff asserts that these statements are misrepresented, outright lies, and distortion.  (*Id.*)   Plaintiff says that the complaint stated a "violation of Sexual and Other Unlawful Harassment occurred."   (*Id.*, PageID.32.)

Plaintiff contends that the allegations in the memo are a detriment to his African-American identity and livelihood.   (*Id.*)   He also asserts that MPHI ignored his pleadings around these incidents and was "unreasonable to assume the Alzuad would be offended, by the kind of subject matter be broached himself prior, given that at other times he willfully engaged in similar discussions of a sexual nature at work, with his co-workers."   (*Id.*, PageID.34.)

Further, Plaintiff states that MPHI hired Alzuad for the same position as Plaintiff but allowed Alzuad to work in the position for nearly a year without meeting the hiring eligibility standards.   (*Id.*, PageID.30.)   Plaintiff asserts that this "incentivized a hostile and competitive environment" between himself and Alzuad. (*Id.*)

Plaintiff alleges that MPHI's actions related to this matter caused him to become "miserable, ill, dejected and cut off from aid and assistance in plaintiff's counter complaints." (*Id.*) Plaintiff further states that the Defendants' actions "prolonged physical, mental and emotional illness for the plaintiff that persists to the present due to the level of cruelty inflicted." (*Id.*)

Plaintiff filed a complaint with the E.E.O.C. in this matter. The EEOC issued Plaintiff the following determination on October 29, 2024:

**DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/29/2024

To: Mr. Thomas A. Gillam-Shaffer
5689 Robinhood Dr.
PORTAGE, MI 49024

Charge No: 471-2024-03056

EEOC Representative and email:   JASON PURNELL
Investigator Support Assistant
jason.purnell@eeoc.gov

**DETERMINATION OF CHARGE**

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

**NOTICE OF YOUR RIGHT TO SUE**

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 471-2024-03056.

On behalf of the Commission,

Digitally Signed By: Ramiro Gutierrez
10/29/2024
Ramiro Gutierrez
Director

(ECF No. 14-1, PageID.42.) Plaintiff proceeded to file the present action on February 3, 2025. (ECF No. 1.)

4

### III. Plaintiff's Motion for Extension of Time

As an initial matter, Plaintiff filed a motion for an extension of time on November 21, 2025. (ECF No. 29, PageID.188.) In his motion, Plaintiff broadly asks this Court to extend relevant deadlines. (*Id.*) Plaintiff states that Defendants have not responded to his "overtures via e-mail." (*Id.*)

Plaintiff's motion for an extension of time to file a response is considered under Fed. R. Civ. P. 6. Rule 6(b)(1)(A) allows extensions for good cause if the request was made before the original time expired. Rule 6(b)(1)(B) allows an extension of time after the time had expired due to excusable neglect.

The Court is aware that this rule "gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the extension is sought before or after the actual termination of the allotted time." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1165 (4th ed.) But the Court must also consider its obligation to construe, administer, and employ the Federal Rules of Civil Procedure in a manner that will lead to a just, speedy, and inexpensive determination of this matter. Fed. R. Civ. P. 1.

Here, Defendants filed their motions to dismiss on August 18th and 19th of this year. Under this District's local rules, Plaintiff had twenty-eight days after service to file a response to Defendants' motions. W.D. Mich. LCivR 7.2. Plaintiff is well past this deadline and, in the opinion of the undersigned, has not articulated good cause or excusable neglect for the delay. Therefore, the undersigned respectfully recommends that the Court deny Plaintiff's motion for an extension of

time (ECF No. 29).

## IV. Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so

6

long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Plaintiff is proceeding *pro se*. As such, his pleadings are subject to less stringent standards than those prepared by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

## IV. Analysis

In both motions to dismiss, Defendants assert that Plaintiff's case should be dismissed because (1) his complaint is untimely, and (2) he fails to state a claim for which relief may be granted. Plaintiff has not filed a response to these arguments.

### A. Timeliness

First, regarding timeliness, Defendants argue that Plaintiff filed beyond the statutory limit. Title VII specifies that a plaintiff must file an action in federal or state court within 90 days after receiving a Notice to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . . ."); *Minor v. Northville Pub. Sch.*, 605 F. Supp. 1185, 1189 (E.D. Mich. 1985). The 90-day filing deadline acts as a statute of limitations. *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) ("Once the administrative agency notifies the plaintiff of the dismissal of the charge by issuing a right to sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, No. 12-15654, 2013 U.S. Dist. LEXIS 43134, 2013 WL 1282020, at

\*3 (E.D. Mich. Mar. 27, 2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred.").

"The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The Sixth Circuit has held that there is a rebuttable presumption of receipt of a Notice of Right to Sue five days after mailing. *Graham-Humphreys*, 209 F.3d at 557. As that panel explained:

> The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Id.* (italics in original) (footnote omitted).

Here, the Notice was issued on October 29, 2024. Applying the five-day presumption, Plaintiff was required to file his complaint on or before February 1, 2025. Plaintiff did not file his original complaint until February 3, 2025, two days after the deadline.

Filing a complaint two days late is sufficient to warrant dismissal. Although "[t]he 90-day filing requirement is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling[,]" it is strictly applied, and a Court must dismiss a suit "[e]ven where a plaintiff misses the filing deadline by only one day . . . ." *McKibben v. Hamilton Cnty.*, No. 99-3360, 2000 U.S. App. LEXIS 12123, 2000 WL 761879, at \*3 (6th Cir. May 30, 2000) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644,

646 (6th Cir. 1998); *Goodman v. City Prods. Corp., Ben Franklin Div.*, 425 F.2d 702, 703-04 (6th Cir. 1970)).

It should also be noted that the Right to Sue letter issued to Plaintiff (ECF No. 14-1, PageID.42) included a warning regarding the 90-day time limit to file suit.

Plaintiff has not provided a response to Defendants' motion asserting waiver, estoppel, or equitable tolling.  As such, in the opinion of the undersigned, Plaintiff's complaint is untimely.  The undersigned respectfully recommends dismissal of Plaintiff's complaint because Plaintiff filed beyond the statutory limit.

### B. Failure to State a Claim

Alternatively, Defendants argue that Plaintiff fails to state a claim for which relief may be granted.  Plaintiff brings a Title VII claim.  The Sixth Circuit has explained:

> To establish a prima facie claim of racial discrimination under Title VII, a plaintiff must show that: 1) he is a member of a protected class; 2) was qualified for the job; 3) he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *See Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995).

*Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

Defendants do not dispute that Plaintiff is a member of a protected class and was qualified for the job.  However, Defendants MPHI and Chase argue that Plaintiff has not established he suffered an adverse employment decision.  (ECF No. 18, PageID.66.)   The Sixth Circuit has defined an adverse employment action in the Title VII context as "a materially adverse change in the terms and conditions of [a plaintiff's employment." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir.

9

2010) (citation omitted).  Further, "[a]dverse employment actions are typically marked by a significant change in employment status, including hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.*

Here, Plaintiff does not cite any changes in his terms and conditions of employment, much less an adverse change.  Plaintiff claims he suffered "prolonged physical, mental and emotional illness" and says that the memo is a detriment to his identity and livelihood.  However, these adversities do not establish a change in terms or conditions of employment.

Additionally, Plaintiff seeks a "restoration of forgone merit increase in pay for the prior year equal to the merit increase of 2025."  (ECF No. 14, PageID.36.)  While pay is certainly a term and condition of employment, Plaintiff has not established that any deduction in merit increases happened because of the alleged discrimination.  In Plaintiff's complaint, he asserts that he remains employed at MPHI as an Environmental Health Navigator.  Nowhere in his complaint does Plaintiff mention a loss of employment, reassignment, lost promotion, or change in benefits.  As such, in the opinion of the undersigned, Plaintiff has not established an adverse employment action sufficient to establish a prima facie case of racial discrimination under Title VII.  Accordingly, the undersigned respectfully recommends that the Court dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted.

The undersigned does not engage in further analysis of Defendants' arguments.

### V. Recommendation

For the reasons stated above, the undersigned respectfully recommends that the Court GRANT Defendants' motions to dismiss (ECF No. 19 & 21) for Plaintiff's lack of timeliness, or, alternatively, for Plaintiff's failure to state a claim for which relief may be granted.  Additionally, the undersigned respectfully recommends that the Court DENY Plaintiff's motion for an extension of time (ECF No. 29).

Dated:   December 30, 2025                     /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).